FILED

2010 Feb-19  PM 12:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **Reginald E. Agee**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action Number |
| **Averitt Express, Inc. et al,** | ) | **2:08-cv-1783-AKK** |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I.  BACKGROUND

This is an action brought under 42 U.S.C. § 2000e, *et seq.*, and 42 U.S.C. §

1981.  On September 26, 2008, Plaintiff Reginald Agee ("plaintiff") filed a

complaint, (doc. 1)[1], against defendants Team One Contracts Services, LLC, i3

Logistics Group, Inc., and Averitt Express, Inc. ("defendants"), alleging

employment discrimination based on race.

On May 5, 2009, plaintiff's counsel, Thomas Talty, moved to withdraw and

to extend discovery deadlines by thirty days.  (Doc. 19).  Magistrate Judge Greene

---

[1] References to a document number, (Doc. __), refer to the number assigned to each
document as it is filed in the court's record.

held a hearing on the motion on May 18, 2009.  At the hearing, Magistrate Judge

Greene advised plaintiff that there is no right to counsel in civil cases and that,

therefore, he may go forward and represent himself or retain another attorney.

(May 18, 2009 Hr'g Tr. 2).  When asked specifically whether he agreed to Mr.

Talty's withdrawal, plaintiff stated that he did and indicated that he wished to hire

a new attorney.  (May 18 Hr'g Tr. 10-11).  Magistrate Judge Greene urged

plaintiff to retain new counsel quickly and suggested that he do so prior to his

deposition, unless plaintiff planned to represent himself.  (May 18, 2009 Hr'g Tr.

10, 14).

Magistrate Judge Greene also granted the thirty-day extension, which was

agreed to by all parties, but informed the parties that his ability to modify the

scheduling order was limited and that further extensions may be difficult to obtain.

(May 18, 2009 Hr'g Tr. 3-4, 12).[2]  He then set the new discovery deadline for July

9, 2009.  (Doc. 24).

On June 10, 2009, defendant Averitt Express, Inc. served plaintiff with a

---

[2]This case was originally assigned to Judge U.W. Clemon, an Article III judge who retired in January 2009.  After his retirement, the case shifted to the "Unassigned Docket," which contained cases that would eventually be reassigned to Judge Clemon's replacement.  Other judges in this court, including the magistrate judges, monitored these cases in the interim. Because the parties in this case had not consented to the magistrate judge's jurisdiction, Magistrate Judge Greene could only modify the Scheduling Order entered by Judge Clemon if all parties agreed.  (May 18, 2009 Hr'g Tr. 3-4).

Notice of Taking Deposition, requiring plaintiff to appear for his deposition on July 8, 2009.  (Doc. 28, Ex. A).  Defendant Averitt Express, Inc. served the notice by certified mail, return receipt requested, to the address listed on the court's docket:  Reginald E. Agee, 1336 - 5th Place, Birmingham, AL 35214.  (Doc. 28, Ex. A).   David Langston, counsel for defendant Team One Contract Services, LLC, spoke with plaintiff by telephone on July 6, 2009 regarding the deposition. (Doc. 28 at 2).  Plaintiff informed Mr. Langston that he knew about the deposition, but that "it would be suicide for him to attend that deposition without counsel." (July 29, 2009 Hr'g Tr. 6).  Mr. Langston never excused plaintiff from the deposition notice, nor did Averitt Express, Inc., which noticed the deposition.

On July 2, 2009, plaintiff filed a motion to extend the discovery period by sixty days.  (Doc. 27).  The filed motion was not actually docketed until July 8, 2009.  (July 29, 2009 Hr'g Tr. 5-8).  Defendants' counsel attended the deposition on July 8, 2009, but plaintiff did not appear even though the court had not ruled on his motion.  (July 29, 2009 Hr'g Tr. 9).  Defendants filed motions to dismiss on July 10, 2009 and July 14, 2009.  (Docs. 28-30).

On July 29, 2009, Magistrate Judge Greene held a hearing on the defendants' motions to dismiss and plaintiff's motion for an extension.  At the hearing, plaintiff admitted he knew about the deposition setting but stated that he

informed defendants' counsel that he would not attend without representation, which he did not have.  (July 29, 2009 Hr'g Tr. 9-10).  Plaintiff further stated that he had requested that defendants postpone the deposition, but they informed him that they could not do so without an order from the court and that, barring receipt of such an order, they needed to take his deposition before discovery closed.  (July 29, 2009 Hr'g Tr. 5-8).

Magistrate Judge Greene reminded plaintiff that he informed him at the May hearing that this case would proceed even if plaintiff could not retain counsel. (July 29, 2009 Hr'g Tr. 10-11).  Nevertheless, Magistrate Judge Greene granted the sixty day extension plaintiff requested and imposed a monetary sanction in lieu of dismissal.  (July 29, 2009 Hr'g Tr. 14-15).  In granting the extension, however, Magistrate Greene made clear that he would not grant any more extensions and that discovery would end on September 1 or 2 (*i.e.*, sixty days from the date plaintiff filed his motion): "If someone is going to represent you in this matter, he or she needs to be made aware of that right now, because I promise you, I don't care who files a motion and what the reason is, we're through extending anything in this case.  The discovery will be completed by whatever that date is, September 1st or 2nd or whatever works out to be the first week of the period of September." (July 29, 2009 Hr'g Tr. 15-16).

The court sanctioned plaintiff in the amount of $2,960.  However, to reduce the burden on plaintiff, the court ordered plaintiff only to pay $300 to Averitt Express, Inc. by September 4, 2009 and $100 each to i3 Logistics Group, Inc. and Team One Contract Services, LLC by the same date.  (July 29, 2009 Hr'g Tr. 15; Doc. 33 at 4).  Magistrate Judge Greene stated he would either deduct the balance from any judgment plaintiff wins or tax it as costs if plaintiff loses.  (July 29, 2009 Hr'g Tr. 15).

Before adjourning, Magistrate Judge Greene informed the parties of their right to seek review of his decision from an Article III judge.  *Id*. at 14.  He did so again in the order he entered.  (Doc. 33 at 4).  Neither party appealed.

On August 3, 2009, defendant Averitt Express, Inc. served plaintiff, via certified mail, return receipt requested, with a Notice of Taking Deposition on August 25, 2009. (Doc. 36, Ex. 2).  On August 5, 2009, defendants Team One Contract Services, LLC and i3 Logistics Group, Inc. each served plaintiff, via certified mail, return receipt requested, with a Notice of Taking Deposition on August 25, 2009. (Doc. 36, Ex. 2).  Each defendant sent the deposition notice to the address listed on the court's docket.  (Doc. 36, Ex. 2).  Additionally, David Langston, counsel for defendant Team One Contract Services, LLC, called plaintiff on August 24, 2009 and left messages regarding the scheduled deposition.

(Doc. 36, Ex. 2).  Christopher Anderson, counsel for defendant Averitt Express,

Inc., also called and left messages for plaintiff on August 18th, 19th, and 24th and

emailed plaintiff on August 18th to determine whether plaintiff would show.

(Doc. 37 at 2).  Plaintiff never responded.  (*Id.*)

On August 25, 2009, plaintiff again failed to appear for his scheduled

deposition.  (Doc. 36, Ex. 2).  Each defendant filed a second motion to dismiss and

for costs.  (Docs. 36, 38-39).  On September 1, 2009, Magistrate Judge Greene

ordered plaintiff to show cause why he should not grant the motions.  (Doc. 40).

Plaintiff responded that he failed to attend because he was unable to retain counsel

and requested additional time to retain counsel or a dismissal without prejudice.

(Doc. 41).  On October 28, 2009, defendant i3 Logistics Group, Inc. filed an

Amendment to Motion to Dismiss, stating that plaintiff had failed to pay the $100

sanction ordered by the court on July 29, 2009.  (Doc. 42).

On January 7, 2010, this case was reassigned to the undersigned judge.

(Doc. 45).  On January 20, 2010, this court set a hearing for February 11, 2010 on

defendants' pending motions to dismiss.  (Doc. 46).  The clerk mailed a notice of

the hearing to plaintiff at the address listed on the docket.  Plaintiff and

defendants' counsel appeared at the hearing.  Plaintiff again requested that the

court dismiss his case without prejudice, noting that he had discussed his case with

several attorneys but that none wished to take a case currently in progress.

Although acknowledging that he did not attend the August 25, 2009 deposition,

plaintiff stated that he did not receive the deposition notices or the voice mails left

by defendants' counsel.[3]  Upon questioning by the court, plaintiff further

acknowledged that his September 10, 2009 response to the court's Show Cause

Order did not state that he was unaware of the deposition but rather argued that the

court should excuse his absence because of his failure to retain counsel.  Plaintiff

also confirmed that he had not paid any portion of the fine imposed by the court in

July.[4]

## II.  APPLICABLE STANDARDS

A district court has "broad authority under [Fed. R. Civ. P.] 37 to control

discovery."  *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir.

1999).  Fed. R. Civ. P. 37(d)(1)(A)(i) provides that a court may sanction a party

for failing to attend a properly noticed deposition.  The court has discretion to

---

[3]The court did not find plaintiff credible on this point.  Not only had plaintiff failed to raise this argument prior to the hearing, in particular in his response to the show cause order, all notices from defendants and the court were mailed to the same address listed on the docket sheet. Plaintiff appeared for the hearing and has frequently responded to court orders, clearly establishing that he receives mail at the address listed on the court's docket.

[4]Plaintiff blamed his failure to pay the fine on a lack of funds.  Unfortunately for plaintiff, his inability to pay is not a defense, especially since he failed to ask the court for any hardship relief.  Instead, consistent with his behavior throughout this case, he chose simply to ignore the court's order.

sanction the party by requiring him to pay reasonable attorney's fees or issuing

any of the following orders:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi).  "Rule 37 sanctions

are intended to prevent unfair prejudice to the litigants and insure the integrity of

the discovery process."  *Gratton*, 178 F.3d at 1374.  With regard to dismissing a

case with prejudice, the Eleventh Circuit has explained:

> [A] dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: "a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." . . .  Moreover, the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable.

*Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337-38 (11th Cir. 2005)

(determining that dismissal with prejudice was an inappropriate sanction for

failure to answer a counterclaim and failure to perfect service on the defendant).

*See also Collins v. Lake Helen, L.P.*, 249 Fed. Appx. 116, 120-21 (11th Cir. 2007)

(dismissal appropriate only after lesser sanctions considered).

### III.  ANALYSIS

Although cautioning that it should use dismissal as a last resort, the

Eleventh Circuit has repeatedly upheld decisions to dismiss with prejudice when a

party has demonstrated a pattern of refusing to engage in discovery or to comply

with court orders.  In this case, the plaintiff has engaged in a repeated pattern of

delay and wilful contempt and lesser sanctions have proven ineffective.

Consequently, dismissal with prejudice is appropriate.

**A.**     ***Plaintiff Failed to Appear for His Deposition Despite Warnings from the Court that He Was Required to Do So.***

In *Gratton*, the Eleventh Circuit concluded that the district court properly

dismissed an action when the plaintiff spoliated evidence, ignored a court order to

release medical records, and failed to appear for a hearing.  *Id*. at 1375.  Rejecting

the plaintiff's argument that he had inadequate representation, the court found that

the plaintiff himself bore some culpability for noncompliance with discovery

requirements and that no other sanction would cure the harm to defendants.  *Id.*

The Eleventh Circuit reached a similar conclusion in *Smith v. Atlanta Postal*

*Credit Union*, No. 09-12060, 2009 U.S. App. Lexis 21381, at *8-10 (11th Cir.

Sept. 28, 2009), determining that dismissal with prejudice was appropriate when

the *pro se* plaintiff filed several improper motions to compel discovery without

first conferring with counsel, refused to answer questions she deemed "personal"

in her deposition, and failed to adequately respond to the defendant's discovery

requests in disregard of the court's order.

In this case, plaintiff agreed to his counsel's withdrawal after Magistrate

Judge Greene specifically informed him that there is no right to counsel in civil

cases, that he would grant only a sixty day extension of discovery deadlines, and

that the case would proceed even if plaintiff did not obtain new representation.

(May 18, 2009 Tr. 2-4, 10-14).  Nevertheless, plaintiff failed to appear for his

deposition on July 8, 2009, specifically because he could not secure counsel to

represent him and felt that he should not submit to a deposition without a lawyer

to represent him.  After Magistrate Judge Greene imposed monetary sanctions and

again informed plaintiff at a hearing that he must attend his deposition, (July 29,

2009 Hr'g Tr. 10-15), plaintiff again failed to appear for a deposition on August

25, 2009 – and again because he did not have counsel.

That plaintiff was unable to find someone else to take his case after his

initial counsel withdrew does not excuse his failure to comply with discovery and

this court's orders.  As stated previously, Magistrate Judge Greene made clear to

plaintiff in the May 18, 2009 hearing that he does not have a right to counsel in a

civil case and that the case would go forward even if he failed to find another

lawyer.  (May 18, 2009 Hr'g Tr. 2).  Despite the court's clear directive, for reasons

only he knows, plaintiff still somehow felt he could ignore complying with this

court's orders solely because he could not find a lawyer willing to take his case.

Plaintiff is, of course, mistaken.

Here, plaintiff seems to miss a key point – he filed this lawsuit because he

contends defendants violated his employment law rights.  Like any accused,

defendants have the right to take plaintiff's deposition to find out what specifically

he contends they did to violate the law.  Moreover, defendants, like all parties in

litigation, are bound by the court's deadlines.  In other words, they must conduct

their discovery – including taking plaintiff's deposition – within the time period

set by the court.  Significantly, after plaintiff failed to show up for his deposition

the first time, Magistrate Judge Greene stated unequivocally that he would not

grant another extension and that the parties must complete all discovery by

September 1 or 2, 2009, *i.e.* within the sixty-day extension plaintiff requested.

Despite having full knowledge that the court would not grant any additional

extensions, plaintiff ignored the deposition notices, multiple calls, and an email

and failed again to show up for his deposition on August 25, 2009.  Moreover,

when asked to show cause why the court should not dismiss his case, plaintiff

stated essentially that he chose not to show for his second deposition setting

because he did not have a lawyer – *i.e.*, the exact reason Magistrate Judge Greene

previously rejected.  By failing to show, plaintiff prejudiced the defendants by

depriving them of their right to depose him, to conduct any follow-up discovery,

and to mount a defense to his allegations.  Moreover, as he did when he failed to

show up for the first deposition setting, plaintiff caused defendants to incur costs

for attorney time and court reporter fees.  Dismissal of this matter with prejudice is

therefore warranted.

"[T]he harsh sanction of dismissal with prejudice is thought to be more

appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K

Agencies, Ltd.*, 432 at 1338.  This is precisely the case here.  With respect to

culpability, it is undisputed that plaintiff knew both in July and August that he had

to appear for his deposition, yet failed to appear on both occasions.  In July,

plaintiff did file a timely request for an extension, (doc. 27), and Magistrate Judge

Greene considered that fact when he determined that dismissal was an

inappropriate sanction at that juncture.  Before the deposition scheduled in

August, however, plaintiff neither informed defendants' counsel that he would not

appear nor did he file a request for an extension or other relief with the court.

Moreover, he knew clearly from the July 29, 2009 hearing that he had to submit to

a deposition prior to the discovery period cut-off and that the court would not

grant any further extensions.  As stated previously, his response to the court's

Show Cause Order, (doc. 41), merely reiterates the argument, previously raised

and rejected in July, that his behavior should be excused because he failed to

retain an attorney.

   As in *Gratton* and *Smith*, plaintiff's behavior demonstrates a flagrant

disregard for the discovery process and the orders previously issued by this court.

Moreover, unlike *Gratton* in which some of the actions attributed to plaintiff may

have been the fault of his attorney, plaintiff here has sole responsibility for his

failure to comply with the discovery process and this court's orders.  Therefore,

dismissal with prejudice is warranted here as a sanction.[5]

## B.   *Lesser Sanctions Have Proven Ineffective.*

   The Eleventh Circuit has determined that dismissal with prejudice is

---

[5]Plaintiff asks this court to dismiss his case without prejudice.  Once a defendant has appeared in a case by answering the complaint, a plaintiff can only dismiss a case with "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii). Plaintiff, of course, does not have such a stipulation.  Moreover, where, as here, a plaintiff has filed a claim, caused the defendants to incur costs to defend it, and repeatedly ignored the court's orders, plaintiff is simply not entitled to another bite at the apple.  To dismiss without prejudice would reward plaintiff for his contumacious conduct throughout this case.

particularly appropriate when lesser sanctions, such as attorney's fees, have proven ineffective. In *Smith*, the Eleventh Circuit stated that "[h]aving already warned the plaintiff and attempted to deter future abuses of the discovery process by imposing the lesser sanction of attorney's fees, the district court did not abuse its discretion in dismissing [the plaintiff's] action with prejudice." 2009 U.S. App. Lexis 21381 at \*10. *See also Baltimore v. Jim Burke Motors Auto.*, 300 Fed. Appx. 703, 707 (11th Cir. 2009) (finding that dismissal with prejudice of *pro se* plaintiff's claim appropriate; specifically noting that the plaintiff's refusal "to pay attorney's fees as a lesser sanction establishes her willful refusal to comply and is evidence that other lesser sanctions would not suffice").

   As in *Smith* and *Baltimore*, the court first imposed the sanction of attorney's fees in July over defendants' requests for dismissal. (*See* Doc. 33). Not only did plaintiff fail to pay the $500 portion of the sanction due by September 4, 2009, but he engaged again in the exact same behavior – failing to appear for his deposition – that caused the court to issue the initial sanction. Consequently, this case cannot progress without compliance from plaintiff; plaintiff has indicated that he will not engage in discovery without representation, to which he is not entitled by law; and defendants are prejudiced both by being deprived of their right to conduct timely discovery to mount a defense as well as by incurring costs, particularly attorney's

fees, by plaintiff's failure to appear.  Thus, lesser sanctions are inappropriate.

## IV.  CONCLUSION

For the foregoing reasons, the court is of the opinion that defendants'

motions to dismiss are due to be GRANTED.  Plaintiff's action is hereby

DISMISSED WITH PREJUDICE.  Costs taxed to plaintiff.

Done this 19th day of February.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE